**FILED**

**MAR 03 2025**

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle | |
|---|---|---|
| Name (under which you were convicted): Nathan E. Weddle | | Docket or Case No.: (1722 4551) (1722 45 48) (1722 45 49) |
| Place of Confinement: Albermarle Corr. Inst. — P.O Box 460 - Badin, North Carolina, 28009 | Prisoner No.: 158 38 96 | |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| Nathan E. Weddle v. | Kenneth Diggs |

The Attorney General of the State of: **Jeff Jackson**

**PETITION**   5:25-HC-2055-M

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Wake County Superior Court, North Carolina
   _____
   _____

   (b) Criminal docket or case number (if you know): (17 22 45 51)(17 22 45 49)(17 22 45 49)

2. (a) Date of the judgment of conviction (if you know): (7-6-2018)

   (b) Date of sentencing: (7-6-2018)

3. Length of sentence: (19-29) Years Min-Max

4. In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: (One) Count - Sat. Sex Off. child - (NCGSA 14-27.30(A) - (2) Counts - Ind. Lib. w/child; (NCGSA 14-27.30(A)
   _____
   _____
   _____

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

   ☑ (2) Guilty          ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _NA / I unlawfully pled to All here-in_

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only    N/A

7.   Did you testify at a <u>pretrial hearing</u>, trial, or a post-trial hearing?

☐ Yes    ☑ No    WAS deprived And denied of my Rights to a pre-trial hearing And was indicted without written consent.

8.   Did you appeal from the judgment of conviction?

☐ Yes    ☑ No    (NO) Subject-Matter jurisdiction CAN be raised @ any-time (without A Statue of Limitation) (Article (3) in-voked

9.   If you did appeal, answer the following:

(a) Name of court: _____ N/A _____

(b) Docket or case number (if you know): _____

(c) Result: _____

(d) Date of result (if you know): _____

(e) Citation to the case (if you know): _____

(f) Grounds raised: _____

_____

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Name of court: _____ N/A _____

(2) Docket or case number (if you know): _____

(3) Result: _____

_____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____ *N/A* _____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____ *N/A* _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☐ Yes    ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _____ *N/A* _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____ *N/A* _____

(8) Date of result (if you know): _____ *N/A* _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____ *N/A* _____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes    ☐ No

    (7) Result: _____ *N/A* _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____ *N/A* _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____ N/A _____

(8) Date of result (if you know): _____ N/A _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:   ☐ Yes   ☐ No

(2) Second petition:  ☐ Yes   ☐ No        N/A

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: ( State V. Funder-
burk, 191 SE 2d. 520) 1972 Westlaw - Headnotes #( 4 ) States - The lack of jurisdiction of
the Cause or Subject - Matter can be Raised at anytime (without statue of limitations) etc.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   The State (WAKE County Superior Court) LACKS jurisdiction For
this ( Nullity ) CONVICTION (SINCE) ( 12-21-2017) in which is the very day

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

that this states prosecution (willfully) (Forfeited valid jurisdiction) to
lawfully prosecute, And I hereby officially and Formally (object) to this
(illicit Nullity) SENTENCE, INDICTMENTS And plea agreement and Thus
Must be (VACATED) with irreprable prejudice, with an (URGENT IMMEDIATE
Release) granted from unlawfully being held hostage with "illegal" Restraint from
Liberty; That I hereby And now do INVOKE My Article ( 3 ) Rights For immedi-

(b) If you did not exhaust your state remedies on Ground One, explain why: Ate Redressability ( Now See )
( Dept. Of Education V. Brown, 143 S. Ct. 2343 ) 2023. WESTLAW - Headnote #( 8 ) States -
WHEN A statue such As ( NCGSA 15A-606 (A) and (d) And ( NCGSA 15A-642 (C)
Affords a litigant A (procedural Right) to protect his concrete intrest, the
litigant May Establish ( Article ( 3 ) jurisdiction Without meeting the usual
Standards For Redressability and immediacy ( US const. Art. ( 3 ) Section (2 )
Clause ( one ). Now For Section ( B ) Of this page ( 6-B ) See Section (18 ) Of
page (14) And (15) For the (EXEMPTION) Of Exhausting Of State Remedies.

ON (12/21/2017) I WAS formally SERVED AS CHARGED AND ARRESTED FOR these ^said ALLEGED CRIMES; AND FOR this STATES PROSECUTION to be INCOMPLIANCE with APPLICABLE LAW FOR the RIGHTS OF A PRETRIAL DEFENDANT AND OF AN (ARRESTEE); SEE the MANDATED RULES OF INSTRUCTIONS, that IS implemented by this STATES LEGISLATURES, that ARE DIRECT ^the INSTRUCTIONS to the COURTS AND IS A DIRECT ORDER FOR ITS STATE DISTRICT COURT JUDGES to ABIDE thier RULES OF PROCEDURAL DUE PROCESS, Thus INORDER ^to PROTECT the STATE CONSTITUTIONAL RIGHTS OF the ACCUSED: SEE this STATES DECLARATION (ARTICLE (ONE) STATUE (23).

(SEE)

(NCGSA 15A-606 (A) AND (d)).

Paragraph (A) States-

　　　　　　If A DEFENDANT IS CHARGED WITH A CRIMINAL OFFENSE WITHIN the ORIGINAL JURISDICTION OF the SUPERIOR COURT, the JUDGE "MUST" SCHEDULE (HERE IS A MANDATORY COMMAND) MUST SCHEDULE A PROBABLE-CAUSE HEARING (UNLESS THE DEFENDANT WAIVES IN WRITING) the DEFENDANTS (RIGHT TO SUCH HEARING) AND that IF this RIGHT IS (WAIVED), that it MUST be DONE IN (WRITING) BEFORE ^IN the PRESENCE OF A/the DISTRICT COURT JUDGE, Thus SIGNED by both the DEFENDANT AND his ATTORNEY COUNSEL

Paragraph (d) States - (If the DEFENDANT DOES-NOT WAIVE) A PROBABLE CAUSE HEARING, the DISTRICT COURT JUDGE (MUST) SCHEDULE A PROBABLE CAUSE HEARING (NOT LATER than "15" WORKING days) following the INITIAL APPEARANCE (BEFORE) AS OF IN ^the ATTENDANCE (BEFORE) the DISTRICT COURT JUDGE.

HERE, AS FOR both PARAGRAPHS (A) AND (d) OF this (15A-606) STATUE, I WAS DELIBERATELY DEPRIVED MY ENTITLED RIGHT to PROCEED th MY PROBABLE CAUSE HEARING WITHOUT A SIGNED WRITTEN SIGNATURE CONSENT (WAIVER)

OF Rights, that is to be signed by both ME AND MY ATTORNEY COUNSEL; Thus, being indicted without the proper due process, without an opportunity to present an adequate and affirmative defense, to have My Attorney Counsel present, to cross-examine the state's witnesses, to call upon My credible witnesses, to present favorable evidence, and to strike or challenge bias and prejudice grand juros etc. And for the grand jury to indict me in this illict manner without the proper afforded due process was prejudicially prejdice to be with-out confrontation; thus confirming that the grand jury indictments are literally insufficently fraudulent forged (Nullity) documents that did not acquired a sufficient accusation to support any sufficient probable cause, (SEE)

(McClure v. State, 267 NC 212) 1966, WESTLAW-HEADNOTE #(6) States —

There can be no trial, hearing, conviction, or punishment for a crime without a formal and sufficient accusation; in the absence of an accusation, the (court acquires NO jurisdiction what-so-ever, and if it assumes jurisdiction; (A trial, hearing, and conviction is a "Nullity".

NOW SEE—
____ What this states legislatures saids about when the courts, as a whole, clerks, judges and prosecutors violates their mandated rules of instructions, for thier procedural due process for the courts to abide and follow, and when thier mandatory due process is violated, the proceedings are a (Nullity) and is without jurisdiction (SEE)

(State v. Hardwood, 243 NC App. 425) 2015, WESTLAW-HEADNOTES #(3) AND (4)
#(3) STATES — Where jurisdiction is statutory such as (NCGSA 15A-606) and (NCGSA 15A-642(c)) and the legislature requires the court to exercise its jurisdiction in a certain manner, to follow a certain

PROCEDURE, OR OTHERWISE SUBJECTS THE COURT TO CERTAIN LIMITATIONS, AN Act OF THE COURT beyond THESE limits, IS EXCESSIVE OR 15 IN EXCESS OF Its JURIS— diction; IF THE COURT WAS WITHOUT AUTHORITY, Its JURISDICTION IS ( VOID) AND OF NO EffECT.

#( 4 ) STATES- IN A CRIMINAL CASE, THE STATE MUST PROVE JURIS—
diction beyond A REASONABLE doubt.

Wherefore,

from being ARRESTED ON ( 12/ 21/ 2017); My deprived Right to A probable CAUSE hearing BECAME A (Nullity) NOT Later than ( 1/5 /2018 ) @ "5'o'clock" PM With the Closing OF the COURT- house, EXACtly ( 15th) WORKing days PER MANdated RUEls OF IN- STRUCTIONS FOR ( NCGSA 15A- 606 praGraphs (A) AND ( d ), AND As FOR the EQUAL protection OF Laws, SEE how the COURT, the judge AND My defense COUNSEL has failed My EQUAL protection OF Laws; has failed to MINISTERIAL With protecting My CONSTITUTIONAL Rights, IN- Which IS AN Automatic (Abuse OF discretion), (MALICIOUS ProseCUTION), AND (INEFFECTIVE ASSISTANCE OF COUNSEL) FOR A COMPLETE All AROUND Failure ( SEE )

( STATE V. GOODE, 44 NC App. 498 ) 1980. WESTLAW- HEADNOTE # ( 5 ) STATES -
The judge AND defense COUNSEL both SHARE A ( two-Fold) RESPONSIBILITY OF (ENFORCING) A defENDANTS Right OF A / TO A FAIR triAL OR hearing, ( USCA CONST. Amend. ( 6 ).

( Then SEE )

( UNITED STATES V. ZAKhari, 85 F. 4th 367) 2023. WESTLAW- HEADNOTES - ( 16 )
( 17 )( 18 )( 19 )( 20 AND ( 22 )
#
( 16) STATES - The district COURT REVIEWS FOR Abuse OF discretion A districts

COURTS DECISION Wheather to dismiss AN INDICTMENT FOR PROSECUTORIAL VIN-dICTIVENESS.

#( 17 )STATES - A district COURT does Abuse its discretion WHEN it Re-lies ON ERRONEOUS finding OF FACT, And Applies the WRONG legal Standard, but Misimplies the CORRECT legal Standard WHEN Reaching A CONCLUSION, OR MAKES A (CLEAR) ERROR OF judgment ( Such As hERE IN My/this CASE With prosecuting A (Nullity) pRocEEding beyond the (15 ) days OF the Statue OF limitation IN (NCGSA 15A - 606 c d )) Thus despite prosecuting A "dead CASE" AN - insuait to CONSTITUTIONAL INjURiEs, — WAS being indicted Without A Signed WRITTEN SiGNATURE CONSENT (WAIVER) — As (MANDATORIALLY) REQUIRED by the RULES OF pROCEdURES FOR this Statue And by this States legislature (s), And WhEREFORE, WHEN A defENdANT And his Attorney COUNSEL does Not (WAIVE) his Rights to his probable CAUSE hEARING; the CORRECT due pROCEss Must (ENSUE) :

(State v. LESTER, 294 NC 220.)1978. WESTLAW-HEAdNotE #(3 )STATES- The purpose OF A (probable CAUSE hEARING) is to dEtERMINE WhEthER there is ENough Sufficient EVidENCE OR probable CAUSE that should (EXist) to bind the CASE OVER to Superior COURT ( And then to SEEK) FOR AN INdictment INORdER to place the defendant ON TRIAL (NCGSA 15A-606); Notice how this CASE REFlects bACK to the pROpER RULES OF pROCEdURES ANd INStRuctions, thus directing the (COURT) ON how to govERN ANd pROCEEd With the/CONSTITUTIONAL Right FOR A pRE-TRIAL ( ARRESTEE) ANd OR dEtAINEE.

(State v. SINGLEton, 285 NC App. 630)2022. WESTLAW-HEAdNotE #(4 ) STATES- EVERY CITZEN hAS A (Rights) to the dEcision OF (24) OF his FEllow CITIZENS OF guilt ; (First) by A (GRANd jury) ANd SEcondly by A pEtty jury OF good ANd LAWful CITIZENS ( NC Const. ARTICLE ONE ; StAtue (22). (22)

Now that I have Established to this Appeals court, that it has been Established, that I have or/had a Statutory and Constitutional Right to (proceecth) a probable cause hearing except by a signature consent (WAIVER) of Rights, inwhich No (WAIVER) of Rights (EXIST) just as No probable cause hearing (S) transcripts (EXIST) and for this or these Facts alone this state LACKS prosecution jurisdiction, Thus deeming this conviction to be (Null) of Effect (State v. Hardwood) herein on page (Ground one page (3) headnote (3) for when a or the court violates a defendants due process Rights and the states legislatures Rules of procedurals that the case must be (Vacted) with prejudice, as a (Nullity), and as stated above, the grand jury indictments are "mere" fraudulent documents without the/confrontation clause, without an impartial grand jury vote or acquiring a sufficient probable cause and accusation (State v. McClure) herein one page Ground one page (3) inwhich causes (Irreprable predjudice to a defendants defense beyond repair.

(See)

(MANUEL V. City of Joliet, Illinois, 137 S. Ct. 911) 2017. Westlaw-Headnotes #( 4 )( 5 )( 8 )( 9 ) and ( 11 )

#(5) States - The (4th) Amendment (prohibits) government officials from (detaing) a person in the absence of (sufficient) probable cause, inwhich can happen when the police holds someone without any reason before the (Formal onset) of a (criminal proceeding) or when a or/the legal process goes wrong (such as indicting without a probable cause hearing or (waiver of Rights) or such as when the judges determination is predicated soley on a police false statements (USCA Consti. Amend. 4th) and (NCGSA 15A-642(c)(15A-606(A) and (d)).

#

(8) States - - If the legal proceeding establishing probable cause is (Tainted); (such as a prejudical indicting grand jury) and the results is/that the (probable cause is Lacking); then the insuing pre-trial violates the confined persons (4th) Amendment Rights

(State v. Bethea, 173 NC App. 43) 2005. Westlaw - head-note # (17) States-

"Its a violation of a defendants Right (6th) Amendment Rights of confrontation And is determined by (one) whether the evidence that was admitted was testimonial in nature (2) whether the trial court properly ruled that the (declarant) was unavailable, and whether the (declarant) had an opportunity to (cross-examine) the (declarant) the Accusers and or any state witnesses, to present an affirmative defense; Here,

I was deprived of my entitled Rights to proceedth My probable cause hearing with a (WAIVER) of indictment(s) as mandatorially required per statues (NCGSA 15A-606 (A) and (d))(NCGSA 15A-642 (c)) And This states declaration of Rights (Article one statue (22) and (23)

(Lee v. Gammon, 222 F. 3d 441) 2000. 8th Cir. Westlaw - Headnotes # (one) and (2)

# (one) States - The (6th) Amendment guarantee's that in all criminal cases or prosecutions, (The Accuser shall enjoy the right) to be informed of the Nature and cause of Action, And is made applicable through the state through the (14th) Amendment (NCGSA 15A-606)(15A-642 (c))(15A-611)(Guideline 2.4)(7A-66).

(States v. Sellars, 52 NC App. 380) 1981. Westlaw - Headnote # (one) States-

The purpose of a probable cause hearing is to determine whether the Accused should be (discharged) or whether sufficient probable cause (exist) to bind the case over to Superior court (before) seeking an indictment. (NCGSA 15A-606) paragraphs (A) and (d).

(State v. Roberts, 16 NC App. 607) 1972. Westlaw - headnote # (one) States-

The purpose of a preliminary or probable cause hearing is to (effect) a

A RELEASE FOR ONE WHO IS BEING HELD IN VIOLATION OF HIS CONSTITUTIONAL Rights; ( SEE ) ( State V. Funderburk, 191 SE 2d 520 ) 1972. WESTLAW-HEADNOTE #( 2 ) States - AN ACT OF THE / A / COURT TO A MATTER AS TO WHICH has "NO JURISDICTION" IS VIOD, AND therefore, THE INDICTMENTS ( HEREIN ) ARE A ( Nullity ) AS ( VOID ) WITHOUT A PROBABLE CAUSE HERING OR A ( WAIVER ) OF THE Right TO PROCEEDTH A PROBABLE CAUSE HEARING.

( NOW SEE )

( State V. NIXION, 263 NC App. 676 ) 2019. WESTLAW-HEADNOTES #( 1 ) ( 2 ) ( 3 ) ( 4 ) ( 5 ) ( 6 ) ( 7 ) AND ( 9 ). #( 9 ) States - THE TRIAL COURT DID NOT HAVE JURISDICTION TO ACCEPT A DEFENDANTS GUILTY PLEA AND TO ENTER A JUDGMENT, IN A PROSECUTION FOR ( MY / THESE CHARGES / IN THIS CASE ) BEING THAT THE DEFENDANT WAS CHARGED BY WAY OF BILL OF INFORMATION, AND THE BILL OF INFORMATION DID NOT INCLUED OR HAD AN Attached EXPRESSED WAIVER OF INDICTMENT.

IN THE STATE OF NORTH CAROLINA, IT IS UNLAWFUL TO ( DEPRIVE ) A DEFEN-DANT OF HIS FEDERAL AND State Rights TO PROCEEDTH A PRObAble CAUSE HEARING WITHOUT A SIGNED WRITTEN SIGNATURE CONSENT ( WAIVER ) SEE ( NCGSA 15A-606 ) PARAGRAPHS ( A ) AND ( d ) AND ( NCGSA 15A-642(c) ) AND TO INDICT AND CONVICT A DEFENDANT IN THIS ILLICIT MANNER ( SEE )

( State V. MAHER, 305 NC 544 ) 1982. WESTLAW-HEADNOTES #( 3 ) ( 5 ) AND ( 6 ). #( 3 ) States - IT IS IMPLICIT IN THE CONSTITUTION THAT GUARANTEES OF/EFFECTIVE ASSISTANCE OF COUNSEL AND A RIGHT TO CONFRONTATION OF ONES ACCUSERS WITHOUT ( WAIVER ) AND TO CONFRONT THE States WITNESSES AGAINST HIM, THAT THE ACCUSED AND HIS COUNSEL SHALL HAVE A REASONABLE AMOUNT OF TIME TO PREPARE AND PRESENT A DEFENSE; HOWEVER; NO SET LENGTH AMOUNT OF TIME IS GUARANTEED AND WHETHER A DEFENDANT IS DENIED DUE PROCESS MUST BE DETERMINED UNDER THE CIRCUMSTANCES OF EACH CASE ( NCGSA 15A-1443 (B) ); ( USCA CONST. Amend. 6 )

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐  Yes  ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

_____ N/A _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes  ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____ N/A _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____ N/A _____

(3) Did you receive a hearing on your motion or petition?  ☐  Yes  ☐  No

(4) Did you appeal from the denial of your motion or petition?  ☐  Yes  ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐  Yes  ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____ N/A _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ N/A _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

(Strickland v. Washing) complies with (Hill v. Lockhart, 106 S. ct. 366) 1985. Headnotes # (2) and (3).

**GROUND TWO:** (Ineffective Assistance of Counsel) See (Strickland v. Washington,

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): (19)

104 S. ct 2052) 1984. Westlaw - headnotes # (6)(7)(9)(12)(13)(17)(18) and (20).
# (19) states - To succeed on a (6th) amendment claim, of (Ineffective Assistance of
Counsel), a defendant must show that there is a "Reasonable probability", which
is a probability sufficient to undermine confidence in the outcome, that, but for
counsel's unprofessional errors, the result of the proceeding would have been dif-
ferent: Here, this my/attorney - The (dA) and the presiding judge willfully violated my Pre-trial
Rights, Thus prosecuting a (Nullity) That became a (Nullity) since the (15th) day of my initial
Thus depriving me of my guaranteed (NCGSA 15A-606(A) and (d) probable cause hearing) with-

(b) If you did not exhaust your state remedies on Ground Two, explain why: out a signed written signature con-
sent, thus signed by both me and my attorney (NCGSA 15A-642 (C)) See (State v. Hardwood)
here-in for a pre-trial due process violation - headnote # (3) and (State v. Frutrelle) alike,
(State v. Nellive) had I'd known - this was a (Nullity) since (15 days) of my initial appearance, I

(c) **Direct Appeal of Ground Two:** would had Represented myself under (dead - null) indict-
ments

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

_____

Docket or case number (if you know): _____

In this case and Matter, it is obvious that my Attorney willfully Misrepresented me; As if he did ignored my constitutional and due process Rights For being indicted as a—pre-trial detainee slash Arrestee, by law, Inorder to graduate (Law School) and to possess a (State Bar Licinse) "One Must understand" to comprehend the (NCGSX) "The North Carolina's General Statues Annonted." So-Fore, How is it that this inefficient Attorney all of a sudden in this case could not comprehend the pre-trial Rules of pro-cedures For a criminal defendant, this States Legislatives and For both these clear and Unambiguos plain language pre-trial Statues For (NCGSA 15A-606 (A) ) and ( d ) and ( NCGSA 15A-642 (c) ).

Below are some of the basic INSTRUCTIONS For a Defense Counsel to abide. In this Matter, my defense Attorney Counsel was grossly ineffective — As a failure to (MINISTERIAL) of his duties ; As For this — (Fiduciary Breach) he/she was the (Sole) contributor For this (Nullity) and (illicit) Sentence or conviction, Again, below are a (VAST) variety of procedures that he willfully ignore, had he properly Represented me, this conviction would had not occurred Accordingly to the due process Rules of procedures For both of the Statues above As For an Arrestee, See every step or procedure of Element(s) that was not done (See) that he should have Known that this case was a (Nullity not later than 15 days) After the INITIAL Appearance, when I was deprived of my probable cause Hearing For the Right exercise the confrontation clause and the was continued to be prosecuted beyond the INITIAL Appearance without a (WAIVER of INDICT-MENT) Signed by both me & my Attorney Counsel (NCGSA 15A-606 (A) and (d ) and (NCGSA 15A-642 (c) ; (State v. Futrelle) (State v. Neville) Here-in.

( See )

Gideline # (1.2.) For Role of Defense Counsel of the Indi-
gent Defense Services Guideline.

Paragraph ( A ) States - The paramount obligations For A Criminal de-
fense Counsel are to provied ( Zealous ) And
qualified Representation to their Clients @ All Stages of the Criminal
process, And to preserve, protect, And promote their Clients Rights and
intrest through out the Criminal proceeding.
( See )

Guideline (1.4.) For General Duties of Defense Counsel
Paragraphs ( A ) throug ( E )
(See) Guideline (8.6.) For( The Defense Sentencing Theory ) paragraph (E)

( State Bar Rule # (8.6.) For ( Information About A Possible Wrongful
Conviction paragraph ( A ) ( Then See )

The Indigent Defense Guideline # ( 7.6.) For ( Presenting the Defense )
paragraphs ( A through I )

Paragraph ( A ) States

The Counsel should develope, In Consulation
with the Client, An Overall ( defense ) Strategy. In deciding on A defense
Strategy, the Counsel should Consider whether the Clients interests
are best served by Not presenting defense Evidence, And instead on
Relying on the Evidence and inferences, or lack ( thereof ), from the Prose-
cutions Case. Here, My Attorney did Not Attempt to do Any of the Mandates

Above; He should have known that we, He & I did not or and had (not) signed any (waiver) of indictments incompliance with/statues both (NCGSA 15A-606 (A) and (d) and (NCGSA 15A-642 (c); Thus (waiving) my entitled rights to the confrontaion clause inorder to confront & cross-examine my accusers, asfore, I did not consent to (automatically) be (indicted); inwhich can olny be (waived) and done in a state district court before a state district judge, sowherefore; (see) the prima facie evidence that (validates) this arguements substantial ground see (State v. Hardwood, 243 NC App. 425) 2015. Westlaw-Headnote #(3) For when the court(s) violates the due process of this states Legislatures-Mandated Rules of Procedures that makes any proceeding a (nullity) procedure, thus is when, where and how the states prosecution "forfeited" valid jurisdiction to pursue prosecution beyond the (15)th day of my arrest or initial apperance see (State v. Funderburk, 191 Se 2d 520) 1972. Westlaw-Headnotes #( )

(See) (State v. Bethea, 173 NC App. 43) 2005. Westlaw-Headnote #(17)

(Then See)

The Indigent Defense Guideline #(9.5.) For (Preparing For and Confronting The Prosecutions Case) Paragraphs (A throug d) and (E-one-through E-10); paragraphs (F), (G) (one through 5) To paragraph (H).

Paragraph (A) states - The Counsel should anticipate the weaknesses in the prosecutions (proof), and (Research) and prepare to argue corresponding motions for judgment of dismissal or not delinquent.

(B) States - The Counsel Should Consider the Advantages of Entering into Stipulations Concerning the Prosecutions Case.

(See)

Guideline (2.6.) For (Indictments and Bills of Information in Felony Cases, Paragraphs (X), (One through (5); ( ) (B) and (C) Paragraph (A) States -

Upon a Return of a bill of Indictment, unless there are Sound tactical Reasons For doing So, The Counsel should consider potential grounds For Squashing the Indictment or any challenges to the grand jury proceedings, including but Not Limited To:

(Now See)

Guideline (2.5.) For (The Chargin Language In a Criminal Proceeding, Paragraphs (A); (One & Two) (B) and (C).

Paragraph (A) States - The Counsel Should Review the criminal proceeding in all cases and, unless there are Sound tactical Reasons For Not doing So; (Move To Dismiss) this pleading - if there are defects in the charging Language.

(See)

Guideline (2.3.) For (The Pre-Trial Release Proceedings In Misde-meanor and Felony Cases (Paragraphs (A) through (E)

Paragraph (A) States - As soon as possible after Appointment, where the client has Not been able to obtain A Pre-trial Release, The Counsel Should consider filing A (Motion To Reduce) Bond or otherwise (Modify and pretrial Release conditions that ———

WERE SET by the Magistrate OR other Judicial official At the Clients (INITIAL Appearance).

(NCGSA 15A-1212) FOR (Grounds For Challenge (ONE) through (8); IN this matter the, this bias And prejudical grand jury.

(Also)

(NCGSA 9-15) FOR (Questioning jurors without challenge; Challenges For Cause - Paragraphs (A), (B) And (C).

IN this CASE Matter, MY REPRESENTING COUNSEL'S INEFFECTIVE Assistance has deemed to be (Grossly Deficient And Defected), FAR below And beyond the Required the Standard OF This State's BAR) WHERE he FORESAW to REPRESENT ME IN this (Nullity) proceeding For/NEARLY (0) YEARS & (7) months that has lead to this CURRENTLY Active (False Imprisonment) that the State has Lacked Prosecution Jurisdiction SINCE, Not later the (15) WORKING days After being ARRESTED ON (12-21-17) INWhich became A (Nullity) ON (01-05-18) without ANY (Objections) Thus Allowing this States prosecution to pursue & INDICT A (dead horse) OF Judicial Miscarriage Thus causing ME To INVOKE my Article (3) SECTION (2) CLAUSE (ONE) - FOR Immediacy & Redressability. FOR Relief from this UNLawful Restraint.

(See)

(Guideline #(2.4.) FOR (Probable Cause Hearings) IN Felony Cases) Paragraph (A),(B) one through (6).

(Paragraph (A) States - The COUNSEL should discuss With the Client the MEANING OF A probable Cause HEARING AND the (procedureal Aspects) surrounding a probable Cause determination, And should CONSIDER the tactical Advantages And disAdvantages OF having A probable Cause HEARING. The COUNSEL should —

CONSIDER ANY CONCESSIONS that the PROSECUTION Might <u>MAKE if the</u> <u>defendant(WAIVES)</u>, OR does NOT oppose A CONTINUANCE OF, A (Probable Cause Hearing.) Thus, <u>before A Probable Cause Hearing</u>", ᴡᴀɪᴠɪɴɢ The COUNSEL <u>should CONSIDER the possible benfits</u> OF A hearing, "<u>Before Waiving a Probable Cause Hearing</u>" Including the potential FOR (discovery) AND the development OF impeachment EVIDENCE. The COUN-SEL Also should be <u>AWARE OF All CONSEQUENCES</u> <u>If the CLIENT WAIVES</u> A probable Cause hearing, Including the effect OF A (WAIVER) ON the (Statutory Deadline) FOR discovery UNDER ( GS 15A-902(d)).

<u>(NOW SEE (B) (ONE through SIX)</u>

(B) <u>IN PREPARING FOR A</u> probable Cause hearing, the COUNSEL Should CONSIDER:

(ONE) The Elements OF EACH OF the OFFENSE Alleged.

(2) The LAW FOR establishing Probable Cause.

(<u>3</u>) Factual Information that IS Available CONCERNING the EXISTANCE OR LACK OF probable Cause.

(<u>4</u>) The tactics OF <u>Full OR Pre-Trial CROSS-EXAMINATIONS.</u>

(5) Any additional factual Information And impeachment Evidence that <u>could be discovered</u> by COUNSEL during the hearing; And

(6) Any CONTINUING <u>NEED to PURSE</u> Modifications OF the CONDITIONS OF Release if the CLIENT IS IN Custody.

COUNSEL ORDINARILY should NOT Call the CLIENT OR defense WIT-NESSES to testify @ the probable Cause hearing UNLESS there ARE Sound tactical REASONS FOR doing SO.

HERE, I WAS (Flat-out) deprived OF these Rights & opportunities the INDICTED without WAIVER (NCGSA 15A-606(A) AND (d) AND (15A-642(C)).

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

_____

_____

_____

**GROUND THREE:** ( GROSS MALICIOUS PROSECUTION ) ( SEE ) State BAR Rule Chapter ( 2 ) RulE #( 3. 8.) FOR ( SpEciAL REsponsibilities OF A PROSE-

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): CUtOR ) PARAgRAph ( A ) StAtEs - The PROSEcutOR IN A CRIMINAL CASE ShAll : ( A ) REfRAIN fROm PROSEcutING A ChARgE (S) thAt thE PROSEcutOR KNOWS IS NOT SuppORted by pRObAblE CAusE. IN this MAttER I WAS INdictEd WithOut A ( WAIVER ) OF Rights, SEE ( NCGSA 15A-642 (c)); ANd WAS dEpRIved OF A - My PRObAblE CAusE HEARING ( NCGSA 15A- 606 pARAGRAphs ( A ) ANd ( d ) ; thEREFORE :

With being indicted without a probable cause hearing, and with-out a ( WAIVER OF INDICTMENT ) Thus means that the ( Grand-Jury ) was "Bias, imbalanced and prejudicially prejudice without an opportunity to exercise my entitled right(s) to utilize the CONFRONTATION-CROSS-EXAMINATION clause to confront my accusers, See this States "DECLARATION OF Rights" ( Article (ONE) Statues (18), (19), (22), (23) And (24) ), As-with the ( US Const. Amend. ( 1st ) (4th) (5th) (6th) (8th) (13th) And ( the 14th ) constitutional Rights UNDER this ( Nullity ) conviction, where this State has lacked juris-diction Since Not morethan ( 15 ) working days of the initial Appearance on ( 01-05-2018 ) where and when this case be-Came a ( Nullity ) thus PRIMA FACIELY Confirming by statue this prosecution is ( Wholly Gross ) Prosecution For this illicit Restraint OF custody, when IN pursuit OF this conviction beyond ( 01-05-2018 ) See ( STATE V. HARDWOOD, 243 NC App. 425 ) 2015. WESTLAW-HEADNOTE(s) # ( 3 ) FOR when the court violates the due process of a ( DETAINEE ), AN ARRESTEE, And this States Legislature.

See ( STATE V. LESTER, 294 NC 220 ) 1978. WESTLAW-HEADNOTE(s) # ( 6 )

( McClure V. State, 267 NC 212 ) 1966. WESTLAW-HEADNOTE # ( 6 )

( STATE V. NIXON, 263 NC App. 676 ) 2019. WESTLAW-HEADNOTE # ( 9 )

( STATE V. Cassada, 170 Se 2d 575 ) 1969. WESTLAW-HEADNOTE(s) # ( ONE )

( STATE V. FuTRElle, 266 NC App. 207 ) 2019, WESTLAW-HEADNOTES # ( 1 )( 2 ) & ( 3 )

( STATE V. NEViLle, 108 NC App. 330 ) 1992. WESTLAW-HEADNOTE # ( ONE ) & ( 2 )

(b) If you did not exhaust your state remedies on Ground Three, explain why:

 

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?     ❐ Yes    ❐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

 

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       ❐ Yes    ❐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

 

    (3) Did you receive a hearing on your motion or petition?     ❐ Yes    ❐ No

    (4) Did you appeal from the denial of your motion or petition?     ❐ Yes    ❐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❐ Yes    ❐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** ( Abuse OF Discretion ) From ( Judge Michael O'Foghludha )
ON ( 07 - 06 - 2018 ) that this Judge is A ( North Carolina Judical Official

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): And is Licinsed
to practicing in this state to practice & Adjudicate Criminal Court
MAtters, Thus is qualifed to interpret this state Rules OF procedures
upon his Judicial bench in his Judicial Capacity, Thus deeming
that his Abusive Actions were the MARK willful deliberate in-
difference with intentional inferences to pro tanto out of the
public who Elected him to proceedth pure Justice when he Allowed My
Attorney & this States District Attorneys Office to indict And prosecute

(b) If you did not exhaust your state remedies on Ground Four, explain why ( Nullity ) Sentence without
Any ( Objections ) Thus being the head & sole Contributor OF this FAlse
Imprisonment thus Neglecting his Responsibilities ( See )( State v.
Goode, 44 NC 498 )1980, WestLAW - Headnote(s) # ( 5 ) States — The Judge
And defense Counsel both share A ( 2 ) Fold Reponsibility @ Enforcing A
                                                                defendants Rights-

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AND to KEEP the trial @ A STEADY pace. HERE, this judge (KNEW) because that I WAS being unLAwfully SENtenced, HE himself, the (D.A.) AND my Attorney violated State AND FEDERAL CRIMES UNDER the Statue that MAKES it A CRIMINAL Act to Act willfull UNDER the COLOR OF SEE (18 USCA 242) THEN SEE —

( UNited States v. LAINIER, 117 S. Ct. 1219) 1997, WESTLAW - HEAD- NOTES # (6) (7) (8) AND (11).

#(6) States — WHEN CONSTITUTIONAL REQUIREMENTS has been "MADE Specific" by text or SETTLED INTERPETATIONS OF the Statue that MAKES CRIMINAL to Act willfully AND UNDER AND UNDER the color of State LAW to deprive A PERSON OF his Rights by the CONSTITUTION OR OF the LAWS OF the UNITED States, willful VIOLATORS ARE IN (NO) position to say that they had NO Adequate Advance NOTICE that they would be visited with ( PUNISHMENT ); For VIOLATING AN (UNKNOWNABLE Something) (18 USCA 242)

IN further REFERENCE WITH ( PRIMA FACIE EVIDENCE ) that MY SENTENCING judge ( DIS HONORABLE MichAEL O'FOghLudhA ) willfully violated MY State & FEDERAL DUE PROCESS Rights ; ( SEE ) ( IN RE CIONTZ, 376 NC 128) 2020. WESTLAW - HEADNOTES # ( 3 ) AND ( 16 ), That this judicial WAS SANCTIONED For Allowing A "Probable CAUSE HEARING" to proceed th out OF CompliANCE OF both Statues ( NCGSA 15A-606 (A) For —being — CONSTITUTIONAL AND (d) AND ( NCGSA 15A-642 (C) ; ( SEE this ABUSE OF DISCRETION ). HEADNOTE ( 3 ) States — This State district court judges ( CONDUCT ) ( willfully violated JUDICIAL CANONS ) providing thats EVERY PERSON who is legally INTERESTED IN A PROCEEDING ( Such AS A —

Probable Cause Hearing) or either the person or defendants lawyer, A (full) Right to be heard (us const. (1st) and 14th), when he held a probable cause hearing in a "Felony case/Matter, without the defendants counsel court-Appointed Attorney present

Here Again, when the courts violates the due process of a criminal defendant and this state's legislatures mandated statue & Rule of Procedures; the entire proceeding be comes (a Nullity) see — (State V. Hardwood, 243 NC App. 425) 2015: Headnote #(3) Westlaw.

Headnote #(1b) States — (Public Reprimand) As Recommended by the "Judicial disciplinary commission", Rather than a Letter of Caution As a lesser Sanction, was the Appropriate discipline to ensure the Honor of the judiciary and the proper Administration of justice (Following this judges Mis-conduct in holding a Probable Cause Hearing.) in a Felony Criminal Case Matter without the defendants court = Appointed Attorney Present, despite Knowing that the defendant was Represent by counsel (NCGSA 7A-376) ( NC jud. CANON (2A) (3X) (4).

(State V. Wilson, 345 SC (ONE) 4th Cir. 2001. Headnotes #(2)(3)(4) And (5)

#(4) States- The same standard of Review Applies to the preliminary factual finding in determining the Admissibility of certain Evidence in a criminal case. Here I was deprived of my entitled Right to a probable cause Hearing, inorder to presnt a defens

#(5) States- For a confession to be Admissible (such as a probable Cause hearing) the "State Must prove jurisdiction And (Produce) prove a (Voluntary Wavier) of Rights to be Indicted, in this case/ Matter, For a (Nullity) pleaagreement, Thus producing a Waiver of indictment,

SEE (NCGSA 15A-642(c)).

HERE, there is no penological justification As For My Attorney, this district Attorneys OFFICE, the initial Appearance And the Sentencing Judge As For there conspiracy with this (TACIT) Malicious prosecution willfully ignored (CLEARly plain ELEMENTARY Language) FOR Statue — (NCGSA 15A-606) And (15A-642(c)).

(SEE)

     (Boyle v. US, 129 S. Ct. 2237) 2009. WESTLAW-Law HEADNOTE # (13).

(Boyle HEADNOTE #(13)
States- WHEN the Statue LANGUAGE is (CLEAR), IN INTERPRETING A CRIMINAL
     Statue, there is No Need to (EXAMINE the Statutory
purpose), Legislature history OR the RulE OF LENITY.

(SEE)

(MATTER v. LENNANE, 380 N 483) 2022. WESTLAW - HEADNOTE #(9) States-

The words OF the legislature Are the CLEARest MAINIFETATION; OF its INTENT, so the Supreme COURT gives EVERY word OF the Statue its EFFECT, presuming that the Legislatures CAREFully chose EACH word Used

NOW SEE the plain LANGUAGE Rules OF due process procedures For both (NCGSA 15A-606(A) And (d) And (NCGSA 15A-642(c)). This plain LANGUAGE states that A defendant who is Represented by COUNSEL MUST proceedth a probable CAuse hearing (Not later than (15) WORKING days UNless the defendant and his COUNSEL (WAIVES) Such Right IN (Witten) Signed by both the defendant And his Attorney COUNSEL. HERE, the state either must produce A WAIVER OF INDICT- MENT OR probable CAuse HEARING transcripts.

This Court Must Compel these State prosecuting Actors to promptly produce (WAIVER OF INDICTMENTS) INCOMPLIANCE to:

(State v. Nixion, 263 NC App. 676) 2019. Westlaw-Headnotes #(9).; being that this is A (IN complexed) CASE, there is NO EXTENSIVE investigations Need inorder produce to proof valid jurisdiction For this illegal-unlawful Restraint claim that can be adjudicated by (Faxing) the waiver of indictment signatures of me and My Attorney that I know does Not "Exist" - MoreOver,

PLEASE be AWARE that in (State v. Futrelle, 266 NC App. 207) HEREIN, The district Attorney "did Forged" the ⟶illicitly⟵ defendants Name to (WAIVE) his rights to be voluntarily indicted, WHEREAS, this case can be dispositioned less-than (30) days. ; ⟶with, No—⟵ incompliance to (State v. Nixon) Above.

(Now See - The preliminary Review Due Process OF A Habeas Corpus; (United States v. Paylor, 88 F. 4th 553) 2023 (4th cir.) Westlaw-head note #2
                                                           (2) (AND # (4)
(2) States —

A Federal prisoner did filed A (Motion To Vacate) his conviction For being in possession OF A firearm (And A Maryland Federal District court Judge denied his Motion Without providing it discover or the due process of its preliminary Review; The inmate Appealed (And the Appeals Court held that):

                                           The District Court Judge Abused his Discretion in denying an Evidentiary Hearing and its discovery to the defendant (This Case Was Vacated AND Re-Manded.

#(2) Further States— When the district Court denies A Motion to Set-Aside, Vacate, or correct A Sentence Without

AN EVIDENTIARY HEARING, THE COURT OF APPEALS (CONSCRUES) the presented FACTS IN FAVOR OF the MOVANT, OR IN the MOVANTS FAVOR. THIS MEANS that the FEDERAL DISTRICT COURT (MUST) CONTACT the State to (PRODUCE) (WAIVER OF INDICTMENTS) Thus, SIGNED by both ME AND MY AttORNEY IN COMPLIANCE WITH (NCGSA 15A-606, PARAGRAPHS (A) AND (D) AND (NCGSA 15A-606 (C)

#(4) STATES-

  TO BE VALID, the PLEA OF GUILT MUST BE (KNOWINGLY) AND (VOLUNTARILY) MADE;

HERE, ON the (ERRONEOUS) ADVISE OF MY Gross dEFICIENTLY INEFFECTIVE ASSISTANT OF MY COUNSEL, HE did NOT ADVISE ME that this CASE BECAME A (NULLITY) NOT LATER than the (15th) DAY AFTER MY INITIAL APPEARANCE, INWHICH IS WHEN the State VOLUNTRARILY FORFEITED JURISDICTION to legally PROSECUTE, Thus VIOLATING the due PROCESS PROCEDURES OF (NCGSA 15A-606) AND (15A-642 (C)), AS OF (STATE V. HARDWOOD, 243 NC APp. 425) 2015. WESTLAW-HEADNOTE #(3) HEREIN ; Thus VALIDATING that, WHEN the (COURTS VIOLATES the due PROCESS OF this State MANDATED due PROCESS; THE ENTIRE "PROCEEDING" BECOMES A "(NULLITY)."

(SEE)
  (NCGSA 7A-66) FOR ; THE REMOVAL OF A district AttORNEY : PARAGRAPHS ( 2 through 7 )
  WHERE this PROSECUTION WILLFULLY PURSUED PROSECUTION -OF THE- beyond the (15) DAYS INITIAL APPEARANCE STATUE OF LIMITATION, Thus POSECUTING WITHOUT A (NCGSA 15A-642 (C)) WAIVER OF RIGHTS TO BE AND A dEPRIVED RIGHT to the PROBABLE CAUSE HEARING OF the CONFRONTATION CLAUSE, that IS district AttORNEY, SENTENCING JUDGE NOR MY AttORNEY OBJECT to this due PROCESS RIGHTS VIOLATION ; SEE (STATE V. GOODE) HEREIN.

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☐ No

          If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

_____

    (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: _____

(c) At trial: _____

(d) At sentencing: _____

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* ( DEPT. OF Education V. Brown, 143 S. Ct. 2343)2023. WestLaw - Headnotes #( 8 ) States - When A Statue Such As (NCGSA 15A-642 (A) And (d)) And (NCGSA 15A-642(c)); In Order Affords a litigant A procedural Right to protect his concrete Intrest, the litigant May Establish (Article 3 ) jurisdiction Without Meeting the usual Standards For (Re-dressability) And Immediacy - See - (US Const. Art. (3) Section ( 2 ) clause (One)

AO 241 (Rev. 09/17)

(ROOK V. ROOK, 290 NC App-512)2023, WESTLAW-HEADNOTE #4)States-
Subject matter jurisdiction CANNOT be conferred by CONSENT, WAIVER OR ESTOPPEL

(State V. Funderburk, 191 SE 2d. 520)1972, WESTLAW-HEADNOTES #(1)(3)(4)And(6);

#(4) States- The Lack OF subject-matter OF the cause OR subject-matter
CAN be RAISed At ANy time, Including FOR the first time ON Appeal
to the supreme court.
(See )
(Patton V. State OF NC, 256 F. supp. 225)1966, WESTLAW-HEADNOTE #(one)
States-

The EXhuastion OF A state procedure to a "forgone" conclusion,
Is Not "prequisite" to the Federal jurisdiction, And where further pursuit
OF Any state Remedies would be IN "VAIN", Thus the jurisdiction EXIST IN the
Federal District court to ENtertain A habeas courps petition, And to
REview the Constitutionality OF A ( TRIAL, AN ARRIGNMENT OR ANy type OF
hearing(s), plea Agreements And OF the imprisonment itself, EVEN —
though the prisoner has NOT EXhausted Any State Remedies, (GSNC
15-217 through statue 15-222); (28 USCA 2254 (B)).

---

* The Antiterrorism and Effective Death Penalty Act of 1996.("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

TO gRANT to ME EMERGENCY Relief With

Therefore, petitioner asks that the Court grant the following relief: AN (IMMEdiAtE RElEASE) With EAch SEN-

IRREPRAble

VAcAted With PREjudICE, Thus IN-VOKING (My Article (3) stAnding With ImmEdiAcy FOR/ RE-

dRESSAbility; HAVING thAt this IS A LAck OF juRISdICtION clAIM, to ENFORCE thESE StAtE

or any other relief to which petitioner may be entitled.

ACtoRS to pROducE VAlid juRISdICtION IN compliANCE With (NCGSA 15A-606(A) ANd (d) ANd

(NCGSA 15A-642 (c)) Thus must produce ME ANd My AttoRNEy's WRittEN SIGNAtuRE CONSENt's OF My

WAIVER OF CONFRONtAtION PRObAble CAusE hEARING Rights to be AutomAticAlly INdICtEd;

thAt the StAte must pRoducE ouR-my AttoRNEy ANd I (WAIVER) OF Rights Within- Not

MORE thAN (45) WORKING dAys being thAt NO EXtENSIVE INVEStIgAtIONS ARE NEEdEd;

EXcept foR A SImple checKING OF thEIR RecoRds thAt cAN be (FAXEd OR EMAIlEd) to this

couRt; PlEASE be REMINdEd thAt IN (StAtE V, FRuthEllE) hERE IN, ThE (DA) FORgEd the NAmE OF the

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for dEFENdANt

Writ of Habeas Corpus was placed in the prison mailing system on _02-25-25_ (month, date, year). Thus IS

dEMANdING A (Public MEdIA Appology) INORdER
to REStoRE My tARNIShEd communIty cREdi-
bility.

Executed (signed) on _02-25-25_ (date).

_Nathan Weddle_

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.